**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT WAYNE AHN,

        Plaintiff - Appellant,

  v.

BENJAMIN GRIEGO, incorrectly named
as Ben Gregio; et al.,

        Defendants - Appellees.

No. 11-16601

D.C. No. 2:09-cv-01672-PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

    Robert Wayne Ahn, an Hawaii state prisoner, appeals pro se from the district

court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging

that prison officials acted with deliberate indifference to his safety in violation of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Ahn's claim that defendants were deliberately indifferent to his safety, because Ahn failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("a prison official cannot be found liable [for deliberate indifference] . . . unless the official knows of and disregards an excessive risk to inmate health or safety"). To the extent that Ahn alleges that defendant Poehlman used excessive force against him, the district court properly granted summary judgment because Ahn failed to raise a genuine dispute of material fact as to whether the alleged force was applied maliciously or sadistically to cause harm. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (explaining that "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

We do not consider issues raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**